**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5059-18T2

ALONZO HERRAN,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES, POLICE
AND FIREMEN'S RETIREMENT
SYSTEM,

    Respondent-Respondent.

_____

Submitted September 30, 2020 — Decided October 9, 2020

Before Judges Mawla and Natali.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of Treasury, PFRS No. 3-10-55607.

Fusco & Macaluso Partners, LLC, attorneys for appellant (Amie E. DiCola, on the brief).

Robert Seymour Garrison, Jr., attorney for respondent (Alison Keating, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Alonzo Herran appeals from a June 11, 2019 final decision by respondent the Board of Trustees, Police and Fireman's Retirement System (Board) denying his request to re-open and change his retirement designation from an ordinary disability retirement to an accidental disability retirement. We affirm.

Appellant was employed as a City of Newark police officer for fifteen years. His tenure was marked by multiple violations of the Newark Police Department's Rules and Regulations and the Civil Service Commission's Rules. In 2012, the City filed disciplinary charges against appellant for allegedly striking a civilian with the butt of his gun while off-duty and lying to superiors about his actions.

On July 29, 2016, the City filed disciplinary charges alleging "neglect of duty," "malingering," and "feigning sickness or injury" because appellant posted photos of himself on Facebook on vacation while on sick leave. Appellant's employment was terminated on September 27, 2016. He appealed the termination three days later, resulting in a reduction of the termination to a suspension from employment.

On June 2, 2017, appellant applied for ordinary disability retirement benefits, effective February 1, 2018. The City advised the Board appellant was

ineligible for benefits because of the pending disciplinary charges. In January 2018, appellant and the City settled the 2012 charges and the City withdrew the 2016 charges. On May 15, 2018, the Board approved appellant's application, effective February 1, 2018.

On January 11, 2019, appellant asked the Board to reopen his retirement application to obtain an accidental disability retirement. He certified he was injured while detaining a suspect on March 9, 2016. He claimed he did not file a report with his department because he did not require immediate medical treatment but saw his doctor several days later when he began to develop chest and shoulder pain. He certified he suffered from a left rotator cuff tear caused by his work. Although appellant claimed he realized in the Fall of 2016 that his pain was from the March 2016 incident, he certified as follows:

> [B]ecause of the pending disciplinary proceedings aga[]inst me, I did not want to make things worse for myself over an incident I had never reported to my department by filing for an accidental disability retirement. That is why I selected the ordinary disability option when I filed my application on June 2, 2017.

Appellant's request was denied on January 17, 2019, and he appealed to the Board. Citing N.J.A.C. 17:4-6.3(a) and 17:4-6.7(b), the Board denied

A-5059-18T2

appellant's request because he did not apply for accidental disability prior to the Board's approval of ordinary disability retirement benefits.

Appellant sought reconsideration and requested an administrative hearing, which the Board denied. In its written findings, the Board found that appellant had not demonstrated good cause to reopen the application. The Board also denied the request for a hearing because the facts were undisputed, and relief was barred by N.J.A.C. 17:4-6.3(a) and 17:4-6.7(b).

On this appeal, appellant repeats the arguments that he demonstrated good cause to re-open his retirement submission and the matter should have been submitted to an administrative law judge (ALJ) to adjudicate. He contends there is no statutory bar to re-opening his application because N.J.A.C. 17:4-6.3(a) permits him to withdraw, cancel, or change his retirement before it becomes payable. He asserts respondent is not prejudiced by the change and the delay in the submission was due to the pending disciplinary charges, and because he wanted to do his due diligence and investigate his medical condition to confirm he was disabled. Appellant claims he was uninformed about his ability to change his application.

The "final determination of an administrative agency . . . is entitled to substantial deference." In re Eastwick Coll. LPN-RN Bridge Program, 225 N.J.

533, 541 (2016) (citing Univ. Cottage Club of Princeton N.J. Corp. v. N.J. Dep't of Env't Prot., 191 N.J. 38, 48 (2007)).

> An appellate court will not reverse an agency's final decision unless the decision is "arbitrary, capricious, or unreasonable," the determination "violate[s] express or implied legislative policies," the agency's action offends the United States Constitution or the State Constitution, or "the findings on which [the decision] was based were not supported by substantial, credible evidence in the record."
>
> [Ibid. (quoting Univ. Cottage Club of Princeton N.J. Corp., 191 N.J. at 48).]

"Although an appellate court is 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue,' if substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result.'" In re Carter, 191 N.J. 474, 483 (2007) (internal citations omitted).

The regulations governing the arguments raised by appellant are clear. N.J.A.C. 17:4-6.3(a) states:

> Except as provided by N.J.A.C. 17:4-6.7, a member shall have the right to withdraw, cancel or change an application for retirement at any time before the member's retirement allowance becomes due and payable by sending a written request signed by the member. Thereafter, the retirement shall stand as approved by the Board.

Retirement allowances become due and payable thirty days after Board approval. N.J.A.C. 17:4-6.2.

N.J.A.C. 17:4-6.7(b) states: "Once the Board approves a member for a disability retirement allowance, the member's retirement application shall not be withdrawn, canceled or amended." The Board can reopen a pension proceeding if the retiree demonstrates "good cause, reasonable grounds, and reasonable diligence . . . ." Steinmann v. N.J. Dep't of Treasury, Div. of Pensions, Tchrs. Pension & Annuity Fund, 116 N.J. 564, 573 (1989).

Appellant did not demonstrate good cause. His initial request to reopen his retirement application acknowledged he "could have initially applied for the accidental disability." However, he decided not to do so in order to not "make things worse for [himself in the pending disciplinary proceedings] over an incident [he] had never reported." Appellant's strategy was understandable because considering his disciplinary history and the pending charges, he wanted to assure his receipt of a disability retirement even though an accidental disability retirement would pay him more. Indeed, although accidental disability retirees receive a greater payment, "ordinary disability retirement need not have a work connection." Patterson v. Bd. of Trs., State Police Ret. Sys., 194 N.J. 29, 42 (2008) (citations omitted).

Appellant possessed the evidence necessary to submit an accidental disability retirement application in a timely fashion and deliberately chose not to do so. His assertion the decision was borne of a need to gather medical evidence is unsupported by the record and appellant's own representations to the Board.

Appellant's assertion his decision was uninformed because he was unrepresented by counsel lacks merit. The record reflects appellant had counsel as of September 2017, several months prior to the May 2018 Board approval of his application for ordinary disability retirement.

Finally, a hearing is "mandated only when the proposed administrative action is based on disputed adjudicatory facts." In re Farmer's Mut. Fire Assurance Ass'n of N.J., 256 N.J. Super. 607, 618 (App. Div. 1992); see also N.J.A.C. 17:4-1.7(e) (permitting the Board to retain the matter and issue an administrative determination where an appeal "involves solely a question of law."). We agree there were no disputed facts requiring adjudication before an ALJ. The reasons for appellant's actions were not disputed and this matter concerned whether those undisputed facts gave rise to the good cause necessary for relief pursuant to N.J.A.C. 17:4-6.3(a). They did not.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5059-18T2